UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  11-cv-23820-O'SULLIVAN

[CONSENT]

BANNING LARY, M.D. and KATHERINE
LARY, TODD LARY, AND SCOTT LARY
as Successor Trustees of the STARBRIGHT
GRANTOR FAMILY TRUST,

       Plaintiffs,
vs.

BOSTON SCIENTIFIC CORPORATION, a
Delaware corporation, and BOSTON
SCIENTIFIC SCIMED, INC., a Minnesota
corporation,

       Defendants.
_____/

## ORDER

THIS MATTER is before the Court on Boston Scientific's Motion and Supporting Memorandum for a Stay of Execution of Judgment and for Waiver of Supersedeas Bond Pending Appeal (DE # 406, 1/26/15).  Having reviewed the applicable filings and law, the undersigned enters the following Order.

## BACKGROUND

On December 22, 2014, a judgment was entered against the defendants for $13,967,911.00.  On February 13, 2015, a cost judgment of $60,000.00 was entered against the defendants.  The total of the two judgments is $14,027,911.00.  On January 26, 2015, the defendants filed Boston Scientific's Motion and Supporting Memorandum for a Stay of Execution of Judgment and for Waiver of Supersedeas Bond Pending

Appeal (DE # 406, 1/26/15).  The motion is fully briefed.

## LAW

The purpose of a supersedeas bond is to protect an appellee from loss should the judgment debtor become insolvent.  See Celotex Corp. v. Edwards, 514 U.S. 300, 332 (1995). Under Federal Rule 62(d), "the appellant may obtain a stay by supersedeas bond . . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal."  Fed. R. Civ. P. 62(d). Local Civil Rule 62.1(a), states that "[a] supersedeas bond staying execution of a money judgment shall be in the amount of 110% of the judgment," and provides that "[u]pon its own motion or upon application of a party the Court may direct otherwise." A district court has the authority to stay a judgment without requiring a bond. See, e.g., Campbell v. Rainbow City, Alabama, 209 Fed. App'x 873, 874 (11th Cir. 2006).

The Court may waive the bond requirement and stay enforcement "where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money."  Avirgan v. Hull, 125 F.R.D. 185, 186 (S.D. Fla. 1989).  The Court may waive the bond requirement pending appeal if the judgment debtor is sufficiently solvent to 'facilely respond to a money judgment.'  Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979).  The appellant has the burden to "objectively demonstrate the reasons" for departing from the "usual circumstances" of posting a supersedeas bond as a condition for a stay.  Id.

## ANALYSIS

The defendants have provided affidavits and financial information to support their request to waive the need for a supersedeas bond.  As of December 31, 2014,

2

the defendants had $587 million in cash and cash equivalents and has access to $2.3 billion in credit.  The defendants had operating cash flows in excess of 1.1 billion dollars for each of the last three years.  The plaintiffs assert that the defendants face large litigation judgments and many tort and class action claims that could push the defendants into bankruptcy.  The plaintiffs point to a $945 million loss reserve book entry which represents what the defendants believe are its future probable litigation losses.  The plaintiffs argue that the defendants' cash on hand is not sufficient to meet the $945 million in projected litigation losses.

The defendants have failed to convince the Court that the defendants' "ability to pay the judgment is so plain that the cost of the bond would be a waste of money". Avirgan v. Hull, 125 F.R.D. 185, 186 (S.D. Fla. 1989).  In addition, the defendants have substantial cash or cash equivalents on hand to post the required amount plus 10% with the Court, thus not incurring the expense of a bond.[1]

## CONCLUSION

In accordance with the foregoing Order, it is

ORDERED AND ADJUDGED that Boston Scientific's Motion and Supporting Memorandum for a Stay of Execution of Judgment and for Waiver of Supersedeas Bond Pending Appeal (DE # 406, 1/26/15) is DENIED.  On or before March 20, 2015, the defendants shall post a supersedeas bond in the amount of the judgment plus 10%

---

[1] See Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 13, 100 S.Ct. 1460, 64 L.Ed 2d 1 (1980) ("[W]e assume it would be within the power of the District Court to protect all parties by having the losing party deposit the amount of the judgment with the court.").

3

or post the same amount of cash with the Clerk of Court.

DONE AND ORDERED in Chambers at Miami, Florida this 6th day of March, 2015.

*[signature]*
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record